IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY WINTERS,**

    Petitioner,

vs.                                         Case No. 4:11cv594-RH/WCS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Winters, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. He challenges the judgment and prison sentence of 12 years, with minimum mandatory term of 10 years, imposed by the Second Judicial Circuit Court, Leon County, on August 30, 2007. Doc. 1, p. 1 (see also p. 24 in ECF) (Electronic Case Filing) (first page of corrected judgment, file-stamped on that date).[1] Petitioner entered a nolo contendere plea, and did not appeal the judgment. *Id.*, p. 2.

---

[1] The petition and exhibits were scanned and filed by the clerk as a single document. Hereafter, references to doc. 1 will be to the page numbers of the document as scanned and filed in ECF.

The petition should be summarily dismissed as it is untimely on its face. § 2254 Rule 4 (authorizing dismissal "[i]f it plainly appears from the of the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate could have been discovered with due diligence. § 2244(d)(1)(B)-(D).

In this case the later dates are inapplicable, and the one year commenced from the date the judgment was final under § 2244(d)(1)(A). As Petitioner did not appeal, his conviction became final on or about October 1, 2007, when the time for filing a direct appeal expired. *See* Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence).[2] Petitioner therefore had until October 1, 2008, to file a § 2254 petition, unless the time was tolled during the one year period. The period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).[3]

---

[2] The 30th day, September 29, 2007, was a Saturday.

[3] The time may also be equitably tolled in rare cases, and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

Petitioner filed a Fla.R.Crim.P. 3.800(a) motion in state court on October 29, 2008; the only postconviction motion he filed.  Doc. 1, pp. 2, 21.[4]  This was (by 28 days) more than one year after the judgment became final, and could not toll the limitations period which had already expired.  *See, e.g.,* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  Not counting the time during which the Rule 3.800 motion was pending (from filing to the mandate), this § 2254 petition was filed some 364 days too late.[5]  The § 2254 petition is untimely and should be summarily dismissed.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04,

---

[4] He indicates it was filed on November 4, 2008 (p. 2), but the Rule 3.800 motion was delivered to prison officials for mailing on October 29, 2008 (p. 21) (citing, in an unnumbered footnote, the prison mailbox rule).  The extra days do not change this court's analysis, however.

[5] That motion was denied, affirmed on appeal, and the mandate issued on December 15, 2010, yet Petitioner did not file his § 2254 petition until November 16, 2011.  Doc. 1, pp. 2-3, 6.  Thus, another 336 days had elapsed, but the one year had already expired.

146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).[6]  I therefore recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall therefore make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus filed by Gregory Winters, challenging the judgment entered August 30, 2007, by the Second Judicial Circuit, in and for Leon County, Florida, be **SUMMARILY DISMISSED AS UNTIMELY**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on February 3, 2012.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. at 484, 120 S.Ct. at 1604 (emphasis added)..

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.